UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.:   2:18-cr-00697-BHH |
| | ) | |
| v. | ) | UNITED STATES'S MOTION TO |
| | ) | APPOINT COUNSEL |
| | ) | |
| BRANDON LLOYD DANIELS | ) | |
| _____ | ) | |

The United States moves the Court to appoint counsel for W.S., a potential witness in the upcoming trial of defendant Brandon Lloyd Daniels.   In support thereof, the United States submits as follows:

W.S. is currently serving a state prison sentence in the Ridgeland Correctional Institution. The United States understands that defense counsel anticipates that W.S. may testify at the upcoming trial in this case.   Specifically, the United States understands that defense counsel anticipates that W.S. may testify that W.S. at some point possessed the sawed-off shotgun seized from under the defendant's bed in this case.   Additionally, the United States understands that defense counsel may ask W.S. to authenticate and admit letters that W.S. purportedly wrote claiming that he owned and altered the sawed-off shotgun.   This potential testimony would implicate W.S. in multiple federal crimes.

In an effort to ensure that his rights, including his right against self-incrimination, are fully protected during any testimony at trial, the United States believes that W.S. should have an opportunity to consult with counsel.   The Fifth Amendment privilege against self-incrimination "not only extends to answers that would in themselves support a conviction under a federal statute but likewise embraces those which would furnish a link in the chain of evidence needed

to prosecute the claimant for a federal crime." *Hoffman v. United States*, 341 U.S. 479, 486, (1951); *United States v. Allen*, 491 F.3d 178 (4th Cir. 2007).   Furthermore, it is entirely appropriate for the Court to appoint counsel for a witness once the Court becomes aware of the potential for self-incrimination.   *See United States v. Jimenez-Roman*, 182 F.3d 928 (9th Cir. 1999) (unpublished) (upholding district court's decision to appoint counsel for defense witness where the defense witness's anticipated testimony would potentially incriminate the witness); *see also United States v. Moore*, 682 F.2d 853, 856 (9th Cir. 1982) (stating that an accused's right to present a defense does not include the right to compel the witness to waive his Fifth Amendment privilege).

      The United States therefore requests that the Court appoint counsel for W.S.

      Counsel for the United States has conferred with counsel for the defendant, who takes no position on this motion.

      RESPECTFULLY SUBMITTED this 2nd day of November, 2020.

| | |
|---|---|
| */s/ Taylor G. Stout* | */s/ Regina Hinson Pack* |
| Taylor G. Stout | Regina Hinson Pack |
| Special Attorney | Special Attorney |
| United States Attorney's Office | United States Attorney's Office |
| Western District of North Carolina | Western District of North Carolina |
| 227 West Trade Street, Suite 1650 | 227 West Trade Street, Suite 1650 |
| Charlotte, North Carolina 28202 | Charlotte, North Carolina 28202 |
| Telephone:   (704) 338-3112 | Telephone:   (704) 338-3155 |
| E-mail: Taylor.Stout@usdoj.gov | E-mail: Regina.Pack@usdoj.gov |